UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| CYNTECH CONSTRUCTION LTD. and CYNTECH U.S. INC., <br><br> Plaintiffs, <br><br> v. <br><br> TRUTORQUE CORPORATION, <br><br> Defendant. | Case No. 1:15-cv-382 <br><br> JURY TRIAL REQUESTED |

**COMPLAINT**

Plaintiffs, Cyntech Construction Ltd. ("Cyntech Canada") and Cyntech U.S. Inc. ("Cyntech U.S.") (collectively, "Cyntech" or "Plaintiffs"), by and through its undersigned counsel, bring this Complaint against Defendant TruTorque Corporation ("TruTorque" or "Defendant"), and state as follows:

**NATURE OF THE ACTION**

1. This is an action for false designation of origin, false representation and description, and other unfair competitive conduct on the part of Defendant in violation of Sections 32 and 43(a) of the Trademark Act of 1946, as amended (the "Lanham Act"), 15 U.S.C. §§ 1114 and 1125(a), respectively, and Plaintiffs' common law rights. Plaintiffs seek injunctive relief as well as other equitable relief and compensatory and punitive damages arising from Defendant's willful, unlawful, intentional, unfair, and misleading conduct and unjust enrichment.

**PARTIES**

2. Plaintiff Cyntech Canada is a Canadian corporation organized and existing under the Business Corporations Act of Alberta, with a business address at 235061 Wrangler Link,

Rocky View County, Alberta T1X 0K3.  For over thirty (30) years, Cyntech Canada has engaged in the business of selling and installing helical piles and pipeline anchors for pipeline installations.

3. Plaintiff Cyntech U.S. is a Texas corporation with its principal place of business at 17807 Highway 105, Plantersville, Texas 77363.  Cyntech U.S. is responsible for the United States operations of Cyntech Canada.

4. Cyntech is an industry leader in North America and the world in the field of oil and gas pipeline and large storage tank installations, with over three decades of experience providing innovative, cost effective and reliable solutions for the energy and petrochemical industries.  For large diameter pipeline installations, pipeline buoyancy control represents a major portion of the project's cost, particularly for pipeline routes that cross wet or unstable terrain.  Cyntech provides turnkey design and installation services for pipeline buoyancy control and anchor systems.  Cyntech's anchor systems division creates anchors for large diameter pipelines and helical piles to be used as foundation anchors for pipeline systems.  In addition, Cyntech's tank services division provides repair, maintenance and construction services for large-diameter storage tanks used by the petroleum industry.  Cyntech's goods and services are promoted and sold to government and commercial contractors throughout the United States, including in this Judicial District.  Cyntech promotes and markets its products and services through trade literature, trade shows, marketing materials, magazine advertisements, direct sales calls, trade press, and electronic media, such as the World Wide Web (http://www.cyntech.com/).

5. Defendant is a Texas Corporation with, on information and belief, its principal place of business at 465 Martin Road, Dripping Springs, Texas 78620.  Defendant may be served

with process through its registered agent, Leonidas Stephenson, 465 Martin Road, Dripping Springs, Texas 78620.

6. Defendant markets, sells and installs helical piling and pipeline buoyancy control and anchor systems to government and commercial contractors throughout the United States, including in this Judicial District.  Defendant sells its systems and services through print advertising and in e-commerce through a domain address of http://www.trutorque.com/ that resolves to Defendant's website.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1125(a) and 28 U.S.C. §§ 1367, 1331 and 1338(b) and supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) in that this action arises under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

8. This Court also has subject matter jurisdiction over the common law claims of unfair competition averred herein pursuant to the provisions of 28 U.S.C. § 1338(b) in that the claims are joined with a substantial and related claim under the Lanham Act, 15 U.S.C. § 1125(b).

9. This Court has personal jurisdiction over Defendant because it is a Texas Corporation that has committed the alleged acts of false designation of origin and unfair competition within this forum, and has established minimum contacts with the forum by purposely availing itself of the laws and benefits of the forum, and because the exercise of jurisdiction over Defendant would not offend traditional notions of fair play and substantial justice.

10. Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391(b) and (c) because Defendant has conducted and is conducting business and has committed and is committing acts herein complained of in this Judicial District.  Defendant is subject to personal jurisdiction in this Judicial District at the time of commencing this action.

## FACTS COMMON TO ALL COUNTS

11. Cyntech Canada was founded in 1984.  Neale Johannesson ("Johannesson") was one of the founders and original owners of Cyntech Canada, originally serving as its President and CEO.  During Johannesson's employ, Cyntech sold and installed hundreds of helical piling and pipeline buoyancy control and anchor systems to government and commercial contractors across Canada, the United States, Malaysia, Thailand, Indonesia and Russia.

12. Johannesson left Cyntech Canada in October 2010 along with his wife, former Cyntech CFO Zita Fulawka.

13. During his employ with Cyntech, Johannesson was directly and indirectly responsible for Cyntech project site management, which included duties such as drafting and submitting periodic status reports and visiting and photographing each Cyntech job site.  Upon information and belief, Johannesson directly performed these duties and/or delegated them to other Cyntech employees, including contract employees Leonidas (Lee) Stephenson ("Stephenson") and Garrie Cox ("Cox").  After Johannesson's departure from Cyntech in 2010, Stephenson and Cox continued to be employed by Cyntech as independent contractors until 2014.  Upon information and belief, numerous photographs were taken of nearly every Cyntech job site during the time period in which Johannesson, Stephenson and Cox were employed by Cyntech.

14. To date, Cyntech actively promotes and markets its products and services using job site photographs taken of Cyntech job sites during Johannesson's, Stephenson's and Cox's employs. These photographs appear throughout Cyntech's trade literature, marketing materials, magazine advertisements, and electronic media, including its website, http://www.cyntech.com.

15. Upon information and belief, Stephenson was a founding member of Defendant's predecessor TruTorque, LLC, which was formed in 2005 as a Texas Limited Liability Company. TruTorque, LLC is no longer active. Upon information and belief, Stephenson served as the President and Director of TruTorque, LLC during its existence.

16. Upon information and belief, TruTorque, LLC published a website in 2009 under the domain www.trutorque.com, through which it advertised its services in the "Design, Supply and Installation of Screw Anchors and Screw Piling For Civil, Pipeline, Refinery and Electrical Construction Industries", and displayed photographs taken of Cyntech job sites during Stephenson's, Cox's, and Johannesson's tenure with Cyntech (collectively, the "Cyntech job site photographs"). See Appendix A. The Cyntech job site photographs depict Cyntech equipment at Cyntech projects to install Cyntech piles and screw anchors for Cyntech clients. Upon information and belief, TruTorque, LLC updated its website in July of 2013 to include additional Cyntech job site photographs taken during Stephenson's, Cox's, and Johannesson's tenure with Cyntech. See Appendix B.

17. Cyntech continued to employ Stephenson and Cox on a contract basis until Cyntech learned of the competitive activities of TruTorque, LLC in 2014. In approximately June of 2014, Cox and Stephenson left Cyntech.

18. TruTorque, LLC filed a Certificate of Termination of a Domestic Entity on August 4, 2014. See Appendix C. Also on August 4, 2014, Defendant filed a Certificate of Formation with the Texas Secretary of State.[1] See Appendix D.

19. Upon information and belief, after its formation, Defendant continued the business operations of TruTorque, LLC. By December 18, 2014, Defendant used the same domain name, www.trutorque.com, which was previously used by TruTorque, LLC. See Appendix F. At that time, Defendant's website advertised Defendant's services in connection with the design, supply and installation of screw anchors and screw piling for civil, pipeline, refinery and electrical construction industries, and displayed Cyntech job site photographs taken during Stephenson's, Cox's and/or Johannesson's tenure with Cyntech.

20. Upon information and belief, Defendant updated its website in 2015 to advertise that Defendant "provides helical products and professional services for all types of civil construction projects." See Appendix G. Defendant's website further advertises that: "[o]ur extensive construction experience on a wide range of challenging projects makes TruTorque Corporation the smart choice when choosing a full service helical products company." Id. As of the date of filing this Complaint, Defendant's current website actively displays numerous Cyntech job site photographs depicting Cyntech equipment installing Cyntech piles and screw anchors for Cyntech clients. These photographs were taken during Stephenson's, Cox's, and/or Johannesson's tenure with Cyntech.

21. Upon information and belief, Stephenson is part owner and actively serves as the Director of Defendant, Cox is an employee and part owner of Defendant, and Johannesson is an employee, consultant, or independent contractor of Defendant.

---

[1] The August 4, 2014 Certificate of Formation listed the name of the corporation as Tru Torque, Inc., apparently in error. A Certificate of Correction filed with the Texas Secretary of State on September 12, 2014 notes the correct name of the entity as TruTorque Corporation. See Appendix E.

22.     The Cyntech job site photographs have acquired significant recognition among purchasers and potential purchasers as a work portfolio, associating Cyntech as the source of products and related services provided by Cyntech at those job sites.  Such recognition of designation, affiliation and association has developed by reason of Cyntech having successfully completed all of the projects depicted in the Cyntech job site photographs and through extensive promotion and marketing of those projects in connection with the Cyntech name through literature, trade shows, marketing materials, magazine advertisements, direct sales calls, trade press, and other media, such as the World Wide Web.  As a result, purchasers have come to know, rely upon, and associate the projects depicted in the Cyntech job site photographs as an indicator of source, sponsorship or approval for goods and services that are offered and sold by Cyntech, *not* by Defendant.

23.     Defendant's use of the Cyntech job site photographs in its advertising in connection with the marketing, sale, offering for sale, distribution, and advertising of competing products and services relating to the design, supply and installation of screw anchors and screw piles constitutes a false and misleading statement that Defendant completed those projects, and creates a likelihood of confusion as to source, affiliation, sponsorship, or approval with or by Cyntech.  This dilutes the goodwill earned by Cyntech in completing said projects and poses a likelihood of harm to Cyntech.  Defendant's use of the Cyntech job site photographs has been and continues to be unauthorized.

24.     Cyntech has given written notice to Defendant of its proprietary rights in the Cyntech job site photographs.  Cyntech has requested that Defendant remove the job site photographs, but Defendant has ignored Cyntech's notice and requests.

25. Cyntech will be and/or has been irreparably harmed by Defendant's continued false designations of origin and unfair competitive conduct as described herein, for which there is no adequate remedy at law. Unless Defendant's unlawful conduct is restrained by the Court, such unlawful conduct and the harm that it is causing to Cyntech will continue.

## COUNT I
### (False Designation of Origin under 15 U.S.C. § 1125(a))

26. Cyntech incorporates by reference each and every allegation set forth in the preceding paragraphs as if the same were fully set forth herein.

27. Defendant's use of the Cyntech job site photographs in Defendant's advertising in connection with the marketing, sale, offering for sale, distribution, and advertising of competing products and services relating to the design, supply and installation of screw anchors and screw piles creates a false designation of origin, and constitute false or misleading representations of fact, and is likely to cause confusion, mistake, or to deceive as to the affiliation, connection, or association of Defendant with Cyntech, or as to the origin, sponsorship, or approval of Defendant's goods, services, and commercial activities by Cyntech in violation of 15 U.S.C. § 1125(a)(1)(A).

28. Defendant's use of the Cyntech job site photographs in Defendant's advertising in connection with the marketing, sale, offering for sale, distribution, and advertising of competing products and services relating to the design, supply and installation of screw anchors and screw piles in commercial advertising or promotion misrepresents the nature, characteristics, qualities, and geographic origin of Defendant's goods, services, and commercial activities in violation of 15 U.S.C. § 1125(a)(1)(B).

29. Defendant had actual knowledge that the Cyntech job site photographs depicted Cyntech equipment installing Cyntech piles and screw anchors for Cyntech clients, and failed to

depict any goods or services actually offered by Defendant.  Nevertheless, without the consent of Cyntech, Defendant knowingly, willfully, intentionally, and deliberately has used and continues to use the Cyntech job site photographs in commerce in advertisement for its own goods and services.

30. Such confusion, mistake and deception will irreparably harm Cyntech's reputation and goodwill.  Cyntech has no control over the quality or sale of Defendant's goods or services.  Defendant's reckless disregard of Cyntech's rights is contrary to the public interest and harmful to the reputation associated with Cyntech's goods and services.

31. Defendant's use of the Cyntech job site photographs violates Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).  It is in reckless and willful disregard of Cyntech's rights and is designed and intended to trade on the goodwill associated with Cyntech's own work as represented in its completed projects.

32. Unless and until enjoined by this Court, Defendant's false designations of origin, false and misleading descriptions of fact, and false and misleading representations of fact by its use in commerce of the Cyntech job site photographs will continue unabated and continue to injure Cyntech, for which injuries Cyntech has no adequate remedy at law.

33. As a result of Defendant's actions, Cyntech is entitled to recover:  (i) Defendant's profits; (ii) the damages sustained by Plaintiffs, and (iii) the costs of this action.  Due to the knowing, intentional, and purposeful nature of Defendant's conduct, Cyntech seeks treble the amount of its actual damages.  Due to the exceptional nature of this case, Cyntech also seeks its reasonable attorneys' fees.

## COUNT II
### (Texas Common Law Unfair Competition)

34.     Cyntech incorporates by reference each and every allegation set forth in the preceding paragraphs as if the same were fully set forth herein.

35.     Defendant markets, sells, offers for sale, distributes, and advertises products and services relating to the design, supply and installation of screw anchors and screw piles, products which are highly similar and directly competitive to products and services that Cyntech advertises.  Defendant's products and related services are offered and sold to the same classes of potential purchasers and through the same channels of interstate commerce as Cyntech's products and services.  By such acts, Defendant has unfairly appropriated the goodwill earned by Cyntech in completing the projects depicted in the Cyntech job site photographs as well as the reputation and goodwill associated therewith.  Such acts of Defendant are contrary to honest practices in industrial or commercial matters and constitute unfair competition and palming off of Cyntech's goods and services as Defendant's goods and services.

36.     Defendant's acts evidence its intent to deceive, pass off, deceptively advertise, commit unfair trade practices, and injure Plaintiff's reputation, all in violation of the common law of Texas.

37.     Defendant has committed the acts complained of herein with full knowledge of its misrepresentations in an attempt to trade on Cyntech's reputation and goodwill, and to deceive others of facts about the nature and quality of Defendant's goods and services.  Defendant began using the Cyntech job site photographs with malicious or with reckless disregard of Cyntech's rights, and to deceive others and/or with reckless disregard for the consequences of its actions.  Defendant's intentional and/or reckless conduct has injured and will continue to injure Cyntech's business reputation and goodwill.

38. Defendant's conduct as described herein has injured Cyntech and has caused and threatens to cause irreparable injury for which there is no adequate remedy at law.

39. Cyntech will continue to be so damaged in the absence of relief from this Court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, Cyntech U.S. and Cyntech Canada, respectfully request that the Court:

A. Grant a Permanent Injunction pursuant to 15 U.S.C. § 1116, enjoining and restraining Defendant and its agents, affiliates, servants, employees, sales representatives, distributors, subsidiaries, heirs, successors and assigns, and all other persons acting by, through, or in active concert with any of them, from directly or indirectly using or displaying any Cyntech job site photograph;

B. Grant a Permanent Injunction pursuant to 15 U.S.C. § 1116, enjoining and restraining Defendant and its agents, servants, affiliates, employees, sales representatives, distributors, subsidiaries, heirs, successors and assigns, and all other persons acting by, through, or in active concert with any of them, from engaging in any conduct that is likely to cause confusion, deception, or mistake, or to injure Plaintiffs' business reputation or to dilute the distinctive quality associated with the Cyntech job site photographs or any other photographs of Plaintiffs' job sites in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a);

C. Order, pursuant to 15 U.S.C. § 1118, that all products, labels, signs, prints, pamphlets, wrappers, receptacles, banners, advertisements, goods, printed pages, and counterfeits or colorable imitations of the Cyntech job site photographs in the possession of Defendant or its agents, affiliates, servants, employees, sales representatives, distributors, subsidiaries, heirs,

successors and assigns, shall be delivered up and destroyed and that all webpages or other ecommerce channels of commerce owned or controlled by Defendant be taken down;

D. Order Defendant to account to and pay over to Plaintiffs all damages sustained by Plaintiffs by reason of said acts of misrepresentation, false advertising and unfair competition complained of herein and that said damages be trebled pursuant to 15 U.S.C. § 1117(b) as a result of Defendant's willful violations of 15 U.S.C. § 1125(a);

E. Award punitive and exemplary damages against Defendant and in favor of Plaintiffs by reason of Defendant's intentional, deliberate, fraudulent, malicious and willful conduct;

F. Order Defendant to pay to Plaintiffs the Plaintiffs' costs of this action, together with reasonable attorneys' fees, pursuant to 15 U.S.C. § 1117(a); and

G. Grant such other and further relief as the Court deems just in the circumstances.

## DEMAND FOR JURY TRIAL

Trial by jury is hereby demanded on all claims so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated: May 8, 2015

                Respectfully submitted,

                /s/ Darin M. Klemchuk
                Darin M. Klemchuk
                Texas Bar No. 24002418
                Corey Weinstein
                Texas Bar No. 24037685
                James Creedon
                Texas Bar No. 24092299

Klemchuk, LLP
8150 N Central Expy, 10th Floor
Dallas, Texas 75206
214/239-8900 (telephone)
214/550-2671 (facsimile)

Pro Hac Admission to be Requested:
Royal W. Craig, Federal Bar No. 24546
rwcraig@ober.com
Emily R. Billig, Federal Bar No. 19018
erbillig@ober.com
OBER, KALER, GRIMES & SHRIVER
A Professional Corporation
100 Light Street
Baltimore, Maryland  21202
Phone: (410) 685-1120
Fax:    (410) 547-0699


*Attorneys for Plaintiffs*